UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM HERRICK,<br><br>Defendant. | Case No. 18-cr-00084-WHO-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant Adam Herrick has moved for compassionate release. There are three criteria for such a motion: that "extraordinary and compelling reasons" warrant a sentence reduction; that a reduction would be consistent with applicable policy statements from the Sentencing Commission; and, that weighing the factors in 18 U.S.C. § 3553(a) warrants the proposed reduction "under the particular circumstances of the case." *United States v. Wright*, 46 F. 4th 938, 945 (9thCir. 2022); 18 U.S.C. § 3582(c)(1)(A)(i)). To grant compassionate release, each criterion must be satisfied. *Id.* Herrick's motion does not establish "extraordinary and compelling" reasons for his release, and I will DENY the motion.

Herrick bases his motion on his medical condition: he has been diagnosed with prostate cancer and, because he has experienced poor medical treatment at the Bureau of Prisons (BOP), he lacks confidence that he will get appropriate care, including that he might lose the ability to have children. While he recognizes that his condition is treatable, and that his physician at the BOP has described various options for his treatment, he is afraid that he will not be allowed treatment that will not make him sterile. He bolsters this motion with an argument that he was coerced into accepting a Federal Rule of Criminal Procedure 11(c)(1)(C) plea (a "C" plea) of 14 1/4 years (171 months) just three months before the First Step Act's implementation; the Act removed the ability

of the government to supersede the indictment by "stacking" the weapons enhancement (18 U.S.C. § 924(c)) that, prior to the implementation of the Act, would have allowed the government to file a superseding indictment that more than doubled the "C" plea term.[1]  The government gave Herrick an exploding offer, and given the draconian effect of stacking on his potential sentence, he was forced to accept the plea.

I am sorry about Herrick's cancer diagnosis, though I am glad it was made.  Prior to his transfer to FMC Butner in January, the BOP did not appear to provide him with appropriate medical care.  *See* Def Mot for Release [Dkt. No. 39] at 2-8.  The government suggests that the Covid pandemic interfered with the BOP's ability to provide appropriate care, and I do not doubt that it had some impact.  US Response [Dkt. No. 42] at 7-8.  But I can understand Herrick's general distrust of BOP doctors as a result.  And I recognize Herrick's desire to have children and the importance of his choices concerning treatment.

That said, his subjective fears about his current and future medical treatment are not matched by the objective record as it exists today.  He has been transferred to a BOP medical facility designed to address his medical needs (FMC Butner).  He met promptly with a physician who described his options.  I do not doubt that Herrick would have more options for care, and more confidence in the result, if he were out of custody in San Francisco.  But his cancer was not caused by the BOP, and it is treatable at the BOP.  His medical condition and treatment at the BOP do not satisfy the "extraordinary and compelling" standard for compassionate release.

Herrick also raises circumstances surrounding his "C" plea of which I was unaware when I accepted it on November 29, 2018, and entered the agreed-upon disposition.  A "C" plea only gives me the ability to accept or reject the plea; I lack discretion to depart or vary from the parties' agreement.  One of the reasons I usually accept "C" pleas is that the lawyers understand the facts, the risks, and the defendant better than I have the ability to do.  In this case, two lawyers in whom I have confidence recommended the plea.

---

[1] The mandatory gun enhancement adds 84 months consecutive to whatever the underlying sentence for the other offenses is.  Stacking in this case meant that the government could have four 84-month enhancements stacked onto the sentence for the predicate offenses.

2

The sentence I imposed as a result is long. The refusal of the government to delay entry of the plea until the First Step Act was implemented was the reason Herrick agreed to the plea instead of trying to strike a different plea or perhaps pleading open. Defense counsel was duty-bound to support the plea at sentencing, and while Herrick did reference it while he spoke at sentencing, I was surprised at the hearing on this motion to hear what happened and why. Defense counsel argues now that a miscarriage of justice occurred. I took the motion under submission to reconsider the circumstances in light of the "new" (to me) facts.

I start with a basic premise of sentencing. It is always the case that I do not know the backstory of the parties' negotiations when I am sentencing someone. I am not entitled to be involved in them. And once I issue a sentence, based on all of the information provided to me at the time of sentencing, I am generally not allowed to reduce it.

There are exceptions to that general rule, including "extraordinary and compelling reasons" under 18 U.S.C.§ 3582(c)(1)(A). The question for Herrick's motion is whether the combination of the parties' plea negotiations and his past and current medical treatment and diagnosis is extraordinary and compelling. After reconsideration of the sentence, I do not think so.

To start, the "C" plea sentence did not stack the gun enhancement. It was at the low end of the Guideline Range, which demonstrates that it was within the mainstream of other sentences across the country for similar crimes, regardless of stacking. The government did not violate the law when it refused to delay entry of the plea, nor was it required to pressure the defendant as it did—but I cannot substitute my personal preference for the government's decision. The offenses were serious: six pharmacy robberies, in four of which Herrick showed or brandished a gun. In those robberies, the employees of the pharmacies were terrorized. The stolen drugs included fentanyl, oxycontin and morphine. In mitigation, Herrick had a scant criminal history, committed these crimes while in the throes of addiction, dealt with serious problems growing up, and shows promise to be a productive member of society upon his release.

Given all this, if I had free rein and full understanding at the sentencing hearing in 2018, would I have varied below the low end of the Guideline Range? Almost certainly. Would I have thought it was at all just for Herrick to serve only 82 months for this series of crimes, which is

3

1 roughly what he has served to date?  Absolutely not.

2     Herrick has a serious but treatable medical condition.  He did not have timely care in his prior institutions at the BOP but is now in one that is designed to handle serious medical concerns.  As I indicated above, those issues do not satisfy the "extraordinary and compelling" standard for compassionate release.  The defense argues that such a miscarriage of justice has occurred that compassionate release is warranted when combined with the medical facts.  It is true that as a result of factors beyond his control, he was forced to accept a plea that resulted in a somewhat longer sentence than I would have issued if the government had offered a Federal Rule of Criminal Procedure 11(c)(1)(B) plea without superseding the indictment.  But I doubt that the difference in the sentence would have been more than two years at the most.  My reconsideration now of the circumstances at sentencing does not lead me to conclude that a miscarriage of justice occurred or that my acceptance of the "C" plea bolsters Herrick's motion for compassionate release in a material way.

    I am sorry that Herrick is facing these important medical decisions.  I hope and expect that his doctors at FMC Butner have the wisdom, compassion, and skill to provide good care for him.  I am sorry that I was unable to sentence him unfettered by the "C" plea after the First Step Act was passed.  I am able to reduce his sentence by nine months because of Amendment 821 of the Sentencing Guidelines, which retroactively allows reduction of his criminal history score, reducing his Criminal History Category from II to I.[2]  I am glad for Herrick's report that he is not taking illegal drugs and that he has essentially been infraction free in prison.  I wish him well.  But his motion does not meet the demanding standard for compassionate release.  It is DENIED.

**IT IS SO ORDERED.**

Dated: March 11, 2024



William H. Orrick
United States District Judge

---

[2] I understand that the parties will present a stipulated proposed order for me to effectuate this reduction.

4